# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICO BADEN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-17-2964 |
| WARDEN RICHARD DOVEY, *et al.* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Defendants have responded to this Court's Order to Show Cause, asserting that Plaintiff's request for injunctive relief has been mooted by Plaintiff's transfer to a different prison. ECF No. 5. For the reasons stated below, the complaint is dismissed without prejudice and Plaintiff's pending Motion to Proceed in Forma Pauperis, ECF No. 4, is granted.

Plaintiff Rico Baden asserts in his self-styled "Petition for Injunctive Relief" that on July 7, 2017, he was forced to plead guilty to a prison disciplinary charge or risk receiving a year or more in segregation. ECF No. 1 at p.1. Baden further asserts that he was subjected to "constant abuse" while on segregation, and that on July 21, 2017, Corporals Boyn and Restly sexually harassed him, made derogatory comments to him, and that Corporal Restly "palmed [his] buttocks." *Id*. at 2. Baden also claimed that when he tried to file a PREA[1] complaint, "Nurse Miranda" gave it to Corporal Shumaker who then tore it up. *Id*. Baden further avers that on August 26, 2017, Corporal J. Rafter falsely reported that Baden had choked his cellmate so as to retaliate against Baden for his having filed PREA complaints. *Id*. at pp. 2-3. Baden contends that two weeks after, Corporal R. O'Kane refused to provide Baden with his lunch and claimed

---

[1] PREA is shorthand for the Prison Rape Elimination Act of 2003 which established standards for preventing, detecting and responding to incidents of sexual abuse involving prison inmates.

Baden used threatening language. Baden contends that he complained about the above-described incidents to Warden Dovey, but received no response despite Baden's stated fear for his safety. *Id*. at p. 3. As relief, Baden sought an Order from this Court prohibiting further threats and abuse from correctional staff toward him. *Id*. at p. 6. Defendants have informed the Court that Baden is no longer incarcerated in Maryland Correctional Training Center (MCTC) where the asserted events arose, but is now confined at Western Correctional Institution (WCI).[2] ECF No. 5 at p. 5.

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477(1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287(2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). For a declaratory judgment to issue, there must be a dispute which "calls not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, (1937). *See also Maryland Casualty Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941).

Where an inmate requests injunctive or declaratory relief, events occurring after the filing of the complaint may render the request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim

---

[2] Defendants also assert that Baden's allegations are wholly unfounded and provide statements under oath and medical records in support of their position. Given that this matter is now moot, the Court has not considered materials outside the original pleadings.

for injunctive relief). Baden sought only injunctive relief in his complaint and all allegations pertained to conduct by officers working at MCTC. ECF No. 1. Baden is no longer exposed to the perceived threat to his safety, making the requested relief moot. The complaint is therefore dismissed without prejudice. A separate order follows.

|  5/22/18  |  /S/  |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |